**Jim KEDDINGTON, Assignee to all Claims of Heatland Trust BT, Plaintiff—Appellant,**

v.

**UNITED STATES of America; et al., Defendants—Appellees.**

No. 04–56579.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Filed March 29, 2006.

Jim Keddington, Esq., Brea, CA, for Plaintiff–Appellant.

Robert I. Lester, Esq., Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendants–Appellees.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Jim Keddington appeals pro se from he district court's judgment dismissing his action under the Federal Tort Claims Act against the United States and United States Bankruptcy Judge Glen Clark. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's decision to dismiss an action for improper venue. *Myers v. Bennett Law Offices,* 238 F.3d 1068, 1071 (9th Cir.2001). We review for abuse of discretion a decision pursuant to 28 U.S.C. § 1404(a) to decline to transfer venue. *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir.2000). We affirm.

The district court did not err in dismissing Keddington's action for improper venue because the events surrounding his action occurred in Utah, the defendant resided in Utah, and the district court did not have jurisdiction pursuant to 28 U.S.C. § 1402. *See* 28 U.S.C. § 1346 (specifying causes of action to which 28 U.S.C. § 1402 applies).

The district court did not abuse its discretion in declining to transfer the action because an identical action was already being litigated in the United States District Court for the District of Utah. *See Jones,* 211 F.3d at 499.

Keddington's remaining contentions lack merit.

**AFFIRMED.**

---

* Because the panel unanimously finds this case suitable for decision without oral argument, Keddington's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.